**Miguel Agustin LEYVA– LICEA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 95–70572.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1996.[*]

Decided Aug. 19, 1999.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose A. Bracamonte, Phoenix, Arizona, for petitioner.

Hugh G. Mullane, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.

Opinion by Judge FLETCHER; Dissent by Judge FARRIS.

FLETCHER, Circuit Judge:

Petitioner Miguel Agustin Leyva–Licea, a citizen of Mexico, petitions this court to

review a decision of the Board of Immigration Appeals (BIA) finding his state conviction for solicitation to possess marijuana for sale to be a deportable offense. We grant the petition for review and reverse the decision of the BIA.

## I.

Leyva–Licea was convicted in Arizona Superior Court for solicitation to possess marijuana for sale in violation of Ariz.Rev. Stat. §§ 13–1002(A) & 13–3405(A)(2)(B)(5). He was sentenced to six months in prison and three years of probation. The Immigration and Naturalization Service (INS) subsequently served Leyva–Licea with an Order to Show Cause alleging that he was deportable under § 241(a)(2)(B)(i) of the Immigration and Nationality Act (INA) for having been convicted of a crime related to a controlled substance, and also under § 241(a)(2)(A)(iii) of the INA for having been convicted of an aggravated felony. *See* 8 U.S.C. § 1251(a)(2)(B)(i) & (a)(2)(A)(iii). Both allegations referred to Leyva–Licea's Arizona solicitation conviction.

In his hearing before the IJ, Leyva–Licea conceded that he had been convicted of the solicitation offense. He contended, however, that Arizona's generic solicitation statute was not a law "relating to a controlled substance" under § 241(a)(2)(B)(i) of the INA, and that he therefore was not deportable under that section. The IJ disagreed: "Respondent through counsel admitted the allegations and denied the charges. However, in view of the decision by the Board of Immigration Appeals in *Matter of Beltran* (Int. Dec. 3179), the charges are sustained." In *Beltran*, the BIA held that a conviction for solicitation to possess narcotics under Arizona's generic solicitation statute was a conviction relating to a controlled substance. Thus, in citing *Beltran* the IJ focused on Leyva–Licea's deportability for having committed

a controlled substance violation. The IJ made no finding as to whether Leyva–Licea was also deportable for having committed an aggravated felony.

Leyva–Licea appealed to the BIA. The BIA stated that "[t]he only issue on appeal is whether the offense of solicitation of a narcotic drug under Arizona law is a violation of a law relating to a controlled substance within the meaning of section 241(a)(2)(B)(i) of the Immigration and Nationality Act." Citing *Beltran*, the BIA held that it was. On that basis alone, the BIA dismissed Leyva–Licea's appeal. This petition for review timely followed.

## II.

■ After the BIA issued its decision in this case, we held in *Coronado–Durazo v. INS*, 123 F.3d 1322 (9th Cir.1997), that Arizona's generic solicitation statute is not a law "relating to a controlled substance" and that violation of that law is not a deportable offense under § 241(a)(2)(B)(i) of the INA, even when the underlying solicited conduct is a narcotics violation. *See id.* at 1325–26. *Coronado–Durazo* controls our treatment of the issue here, and compels our conclusion that Leyva–Licea's Arizona conviction for solicitation to possess marijuana for sale is not a deportable offense under § 241(a)(2)(B)(i) of the INA.

■ However, the Order to Show Cause issued against Leyva–Licea alleged two grounds of deportability: violation of a law relating to a controlled substance, and commission of an aggravated felony. Leyva–Licea would still be deportable if his Arizona conviction were a conviction for an aggravated felony under § 241(a)(2)(A)(iii) of the INA. If he were deportable on that ground, then we would lack jurisdiction to review the final order of deportation issued against him. *See Duldulao v. INS*, 90 F.3d 396 (9th Cir.1996) (construing § 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA)).[1]

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C.

of Pub.L. No. 104–208, 110 Stat. 3009 (IIRIRA), superceded AEDPA's immigration-relat-

 Whether Leyva–Licea's solicitation offense constitutes an aggravated felony under the INA is a pure question of law that we review de novo. *See Coronado–Durazo,* 123 F.3d at 1324 (exercising de novo review over the related question of whether such an offense constituted a controlled substance violation). The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)(B) to include any "drug trafficking crime (as defined in section 924(c) of Title 18)," and applies to violations of federal and state law. Section 924(c), in turn, defines a "drug trafficking crime" to include any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See* 18 U.S.C. § 924(c)(2). Thus, in order for Leyva–Licea's drug solicitation offense to constitute an aggravated felony, it must (1) be punishable under the Controlled Substances Act, and (2) qualify as a felony. *See United States v. Garcia–Olmedo,* 112 F.3d 399, 400 (9th Cir.1997).

 The Controlled Substances Act does not mention solicitation. The Act does cover attempt and conspiracy "to commit any offense defined in this subchapter," 21 U.S.C. § 846, but it does not list solicitation. In *Coronado–Durazo,* we held that where a statute listed some generic offenses but omitted others, the statute covered only the generic offenses expressly listed. *See* 123 F.3d at 1325–26. Guided by that approach, and observing that the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation, we hold that solicitation to possess marijuana for sale is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Thus, Leyva–Licea's solicitation conviction does not render him deportable under § 241(a)(2)(A)(iii) of the INA.

### III.

For the foregoing reasons, we grant Leyva–Licea's petition and reverse the BIA's determination that Leyva–Licea's Arizona conviction is a deportable offense under § 241(a)(2)(B)(i) of the INA. We further hold that his conviction is not a deportable offense under § 241(a)(2)(A)(iii) of the INA. We remand to the BIA for proceedings consistent with this decision.

PETITION GRANTED.

FARRIS, Circuit Judge, dissenting:

I disagreed with the majority in *Coronado–Durazo v. INS,* 123 F.3d 1322 (9th Cir.1997) for reasons expressed in my dissent. The majority now expands that erroneous ruling. I respectfully dissent.

---

ed judicial review provisions. However, because Leyva–Licea's final order of deportation was entered on June 28, 1995, prior to IIRI-

RA's effective date, this case is governed by AEDPA and not IIRIRA.