**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RUBEN FERNANDO BARRAGAN-LOPEZ,
                        *Petitioner,*

            v.

MICHAEL B. MUKASEY,* Attorney
General,

                        *Respondent.*

No. 05-73883

Agency No.
A78-683-478

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 19, 2007—San Francisco, California

Filed November 21, 2007

Before: Procter Hug, Jr., William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

15103

**COUNSEL**

Tarik H. Sultan (argued), Wolf & Sultan P.C., Tucson, Arizona, for the petitioner.

Terri J. Scadron (argued) and Greg D. Mack, Department of Justice, Washington, D.C., for the respondent.

**OPINION**

CLIFTON, Circuit Judge:

Ruben Fernando Barragan-Lopez's petition for review presents the question whether an Arizona conviction for solicitation to possess at least four pounds of marijuana for sale, in violation of Ariz. Rev. Stat. § 13-1002(A) and (B)(2), and § 13-3405(A)(2) and (B)(6), constitutes a crime involving moral turpitude for the purposes of 8 U.S.C. § 1227(a)(2)(A)(i). We hold that it does. Accordingly, we deny the petition for review.

## I. Background

Barragan-Lopez is a native and citizen of Mexico. After entering the United States without inspection or admission in 2002, his status was adjusted and he became a lawful permanent resident of the United States on June 24, 2003.

After being charged with violating various Arizona criminal laws, Barragan-Lopez signed a plea agreement on July 13, 2004, in which he pled guilty to, *inter alia*, "SOLICITATION TO POSSESS MARIJUANA FOR SALE IN AN AMOUNT OVER THE STATUTORY THRESHOLD, A CLASS 4 FELONY, in violation of A.R.S. §§ 13-1002, 13-3405(A)(2), 13-3405(B)(6), 13-3401, 13-301, 13-302, 13-303, 13-304, 13-701, 13-702, 13-702.01 and 13-801, committed on or about December 17, 2003." Barragan-Lopez was convicted of that offense and sentenced to a term of imprisonment of one year.

Barragan-Lopez was served a Notice to Appear on February 24, 2005, which alleged that he was "convicted in the Superior Court of Arizona, Maricopa County, for the offense [of] SOLICITATION TO POSSESS MARIJUANA FOR SALE IN AN AMOUNT OVER THE STATUTORY THRESHOLD, a class 4 felony." Based on that conviction, the Notice charged Barragan-Lopez as "subject to removal from the United States pursuant to . . . [s]ection 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended, [because he had] been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed."

Barragan-Lopez disputed the charge of removability, claiming that his conviction for solicitation to possess marijuana for sale was not a conviction for a crime involving moral turpitude. Relying on *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), and *Leyva-Licea v. INS*, 187 F.3d 1147 (9th Cir. 1999), Barragan-Lopez argued that the "crime of solicitation is a separate and distinct offense from the underlying offense" of possession. He therefore argued that, because solicitation itself is not a crime involving moral turpitude, solicitation to possess marijuana for sale could not be such a crime either.

The immigration judge ("IJ") disagreed with Barragan-Lopez, noting that, even though the preparatory solicitation

offense may be "separate and distinct" from the underlying possession offense, "the Court is required to look at the underlying substantive offense." The IJ then concluded that Barragan-Lopez was convicted of a crime involving moral turpitude because "solicitation requires intent on the part of the defendant . . . that the underlying crime be committed," and because the underlying crime of possession of marijuana for sale is a crime involving moral turpitude. The IJ therefore ordered removal.

Barragan-Lopez appealed to the Board of Immigration Appeals. The Board dismissed the appeal, concluding that Barragan-Lopez's conviction was for a crime involving moral turpitude. The Board reasoned that, because the underlying offense of possessing marijuana for sale constitutes " 'a crime involving moral turpitude' under the immigration laws," and because "the immigration law recognizes no distinction (with respect to the moral turpitudinous nature of the crime) between his inchoate offense and the completed crime," Barragan-Lopez's conviction for solicitation to possess marijuana for sale was a crime involving moral turpitude.

Barragan-Lopez timely petitioned this court for review of the Board's decision.

## II. Jurisdiction and Standard of Review

"While we do not normally have jurisdiction to review 'any final order of removal against an alien who is removable by reason of having committed certain criminal offenses,' including crimes involving moral turpitude, we are not barred from hearing the constitutional claims or questions of law raised in a petition." *Navarro-Lopez v. Gonzales*, ___ F.3d ___, No. 04-70345, 2007 WL 2713211, at *2 (9th Cir. Sept. 19, 2007) (citing 8 U.S.C. §§ 1252(a)(2)(C) and (D)) (brackets and footnote omitted). Whether Barragan-Lopez's prior conviction was for a crime involving moral turpitude is a question of law, which we have jurisdiction to reach. *See id.*

"We review de novo 'whether a state statutory crime constitutes a crime involving moral turpitude.' " *Id.* (citing *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005)).

## III.   Discussion

Barragan-Lopez contends that the Board erred in concluding that the Arizona offense of solicitation to possess more than four pounds of marijuana for sale is a crime involving moral turpitude. We disagree.

The Immigration and Nationality Act "defines classes of removable aliens and makes removable an alien who is 'convicted of a crime involving moral turpitude within five years . . . after the date of admission' and 'is convicted of a crime for which a sentence of one year or longer may be imposed.' " *Notash v. Gonzales*, 427 F.3d 693, 696 (9th Cir. 2005) (quoting 8 U.S.C. § 1227(a)(2)(A)(i)) (ellipses points in original). "In determining whether a conviction constitutes a removable offense, we apply the categorical approach, looking only to the statutory definition of the offense." *Id.* at 696-97 (citing *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004)).

**[1]** Under the categorical approach, a conviction is a crime of moral turpitude if "the full range of conduct encompassed by the statute," including the least egregious conduct prosecuted under the statute, is a crime of moral turpitude. *See Quintero-Salazar v. Keisler*, No. 04-73128, 2007 WL 2916162, at *2 (9th Cir. Oct. 9, 2007). We look at the specific subsections of a statute that the petitioner is convicted under to determine if it is a crime of moral turpitude. *See id.* at *6.

In this case, Barragan-Lopez was convicted under two sections: (1) Ariz. Rev. Stat. § 13-1002(A) (solicitation), and (2) Ariz. Rev. Stat. § 13-3405(A)(2) (possession of marijuana for sale). Section 13-1002(A) defines the offense of solicitation as follows:

> A person . . . commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission.

Ariz. Rev. Stat. § 13-3405(A)(2) defines the offense of possession of marijuana for sale: "A person shall not knowingly . . . [p]ossess marijuana for sale." Because Barragan-Lopez was convicted of soliciting possession of more than four pounds of marijuana, he was convicted of a class 4 felony. *See* Ariz. Rev. Stat. § 13-1002(B)(2) ("Solicitation is a . . . [c]lass 4 felony if the offense solicited is a class 2 felony."), § 13-3405(B)(6) ("A person who [possesses for sale] an amount of marijuana having a weight of more than four pounds is guilty of a class 2 felony.")

**[2]** Barragan-Lopez argues that, because the solicitation offense is separate and distinct from the underlying possession offense, this court should not consider the underlying crime in determining whether his prior conviction was for a crime involving moral turpitude. But Barragan-Lopez was not convicted for "solicitation" of unspecified criminal conduct. He was convicted for soliciting possession of over four pounds of marijuana for sale. We have previously looked to underlying crimes in determining whether convictions for inchoate offenses constitute crimes involving moral turpitude. *See, e.g., Goldeshtein v. INS*, 8 F.3d 645, 647 n.6 (9th Cir. 1993) ("a conspiracy to commit an offense involves moral turpitude only when the underlying substantive offense is a crime involving moral turpitude"); *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980) ("Where the underlying, substantive offense is a crime involving moral turpitude . . . , conspiracy to commit such an offense is also a crime involving moral turpitude.") (citations omitted). We therefore consider the underlying possession offense in determining whether

Barragan-Lopez pleaded guilty to a crime involving moral turpitude.

**[3]** Drug trafficking offenses, including possession of unlawful substances for sale, generally involve moral turpitude. *See Atl. Richfield Co. v. Guerami*, 820 F.2d 280, 282 (9th Cir. 1987) (noting that possession of heroin for sale is a "crime of moral turpitude") (citing *United States ex rel. DeLuca v. O'Rourke*, 213 F.2d 759, 762 (8th Cir. 1954) ("[T]here can be nothing more depraved or morally indefensible than conscious participation in the illicit drug traffic.")). The quantity inherent in Barragan Lopez's conviction — four pounds of marijuana — was too great to justify treating this crime differently. By pleading guilty to solicitation to possess at least four pounds of marijuana for sale, Barragan-Lopez necessarily admitted that he had the specific "intent to promote or facilitate the commission of a [crime involving moral turpitude]." *See* Ariz. Rev. Stat. §§ 13-1002(A); *see also Atl. Richfield Co.*, 820 F.2d at 282. Accordingly, we hold that Barragan-Lopez's conviction for solicitation to possess at least four pounds of marijuana for sale, in violation of Ariz. Rev. Stat. § 13-1002(A) and (B)(2) and § 13-3405(A)(2) and (B)(6), constitutes a crime involving moral turpitude for purposes of 8 U.S.C. § 1227(a)(2)(A)(i). We do not address the question that would be presented if Barragan-Lopez had been convicted of solicitation to possess a very small quantity of marijuana for sale, such as, for example, a single marijuana cigarette at a party with personal friends.

Barragan-Lopez points us to two cases that we conclude are distinguishable from the present case. In *Coronado-Durazo*, we were asked to determine "whether petitioner's conviction for solicitation to possess cocaine is a deportable offense within the meaning of section 241(a)(2)(B)(i) of the Immigration and Nationality Act," which provides that "any alien who is convicted of 'a violation of (or a conspiracy or attempt to violate) any law or regulation . . . relating to a controlled substance' may be deported." 123 F.3d at 1323-24. After noting

that "solicitation is a generic offense under Arizona law" and that the "plain language of § 241(a)(2)(B)(i) limits convictions for generic crimes that may result in deportation to conspiracy and attempt," we held that "solicitation is not a deportable offense under § 241(a)(2)(B)(i)." *Id.* at 1325-26.

Barragan-Lopez also directs us to *Leyva-Licea*, 187 F.3d at 1150, in which we decided whether a violation of Arizona's solicitation statute constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), which required that the violation "(1) be punishable under the Controlled Substances Act, and (2) qualify as a felony." In that case, we concluded that solicitation to possess marijuana for sale is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) because the Controlled Substances Act "does cover attempt and conspiracy," but not solicitation. *Id.*

Unlike the statutory provisions at issue in *Coronado-Durazo* and *Leyva-Licea*, section 1227(a)(2)(A)(i) does not list certain generic offenses (*e.g.*, conspiracy or attempt) to the exclusion of others (*e.g.*, solicitation). Thus, the reasoning applied in both cases — *i.e.*, that, "where a statute listed some generic offenses but omitted others, the statute covered only the generic offenses expressly listed" — is inapplicable here. *See Leyva-Licea*, 187 F.3d at 1150 (citing *Coronado-Durazo*, 123 F.3d at 1325-26). Additionally, in *Coronado-Durazo* and *Leyva-Licea*, we decided whether Arizona's solicitation offense constituted a crime "relating to a controlled substance" under 8 U.S.C. § 1251(a)(2)(B)(i), or an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B), respectively. In neither case were we asked to determine whether solicitation to possess more than four pounds of marijuana for sale is a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). *Coronado-Durazo* and *Leyva-Licea* are therefore distinguishable.

Barragan-Lopez also argues that "the government's position still fails under the Rule of Lenity," which requires courts

to construe ambiguities in deportation statutes in favor of the alien. *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141 (9th Cir. 2002). Because Barragan-Lopez fails to establish that any deportation statute at issue is ambiguous, we reject this assertion. *See Lisbey v. Gonzales*, 420 F.3d 930, 933 (9th Cir. 2005).

Finally, Barragan-Lopez contends that the government's "burden of demonstrating deportability by 'clear, convincing, and unequivocal evidence' has not been met." But at the March 14, 2005, hearing before the IJ, Barragan-Lopez admitted each factual allegation considered by the IJ and the Board for removal. Barragan-Lopez's own admissions constitute clear, convincing, and unequivocal evidence, and therefore we conclude that the government met its evidentiary burden of demonstrating removability.

## IV.   Conclusion

We hold that a conviction for solicitation to possess at least four pounds of marijuana for sale constitutes a crime involving moral turpitude for purposes of 8 U.S.C. § 1227(a)(2)(A)(i). We therefore uphold the Board's decision and deny the present petition for review.

**PETITION DENIED.**