Lorena LANDERO–GUZMAN, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72583.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2009.*

Filed Sept. 4, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monika Sud–Devaraj, Esquire, Law Offices of Marshall G. Whitehead, Phoenix, AZ, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, ROTH,\*\* and TASHIMA, Circuit Judges.

\*\* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM \*\*\*

Lorena Landero–Guzman ("Landero") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") pretermission of her application for cancellation of removal. The IJ and BIA found that solicitation of possession of narcotic drugs for sale, for which Landero had been convicted under Arizona law (Ariz. Rev. Stat. §§ 13–1002, –3408), was a crime involving moral turpitude ("CIMT"), and that Landero was therefore ineligible for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Landero contends that the statute under which she was convicted includes conduct beyond ordinary drug trafficking; therefore, that her crime was not a CIMT under the categorical approach. We disagree. Arizona law distinguishes between the possession of a narcotic drug for sale, Ariz. Rev.Stat. §§ 13–3408(A)(2), and the less serious crime of possession or use of a narcotic drug, Ariz.Rev.Stat. §§ 13–3408(A)(1). Landero's argument that she could have been convicted of solicitation of the more serious offense merely for attempting to purchase drugs for personal use, or even for making statements in support of drug trafficking, is a highly dubious interpretation of the statutory scheme. It was Landero's burden, therefore, to show that the State of Arizona had actually prosecuted an offender, either in her own or another case, for the less serious conduct that Landero contends is included in the statute. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007) ("To show that realistic

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

possibility [of a nongeneric application of the statute], an offender ... may show that the statute was so applied in his own case ... or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.").

Landero failed to adduce any such evidence; we therefore interpret the offense for which she was convicted as solicitation of a drug trafficking offense. We have held that drug trafficking crimes are CIMTs. *See, e.g., Barragan–Lopez v. Mukasey,* 508 F.3d 899, 903–04 (9th Cir.2007); *Atl. Richfield Co. v. Guerami,* 820 F.2d 280, 282 (9th Cir.1987). Because solicitation of an offense requires the intent that the substantive offense be committed, solicitation of a drug trafficking offense is also a CIMT. *Barragan–Lopez,* 508 F.3d at 903–04.

The petition for review is **DENIED.**