**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON ANTONIO MORRISON, a.k.a. Marlon Morrison, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 13-70975 Agency No. A203-051-562 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Marlon Antonio Morrison, a native and citizen of Jamaica, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying him relief from removal in the form of

cancellation of removal, voluntary departure, and adjustment of status. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  Reviewing de novo questions of law, *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013), we deny the petition for review.

The agency correctly concluded that Morrison's 2011 conviction for solicitation to possess marijuana for sale under Arizona Revised Statutes §§ 13-1002 and 13-3405 categorically constitutes a conviction for a crime involving moral turpitude that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(i), *see Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903-05 (9th Cir. 2007), and that precludes him from demonstrating the good moral character necessary to qualify for cancellation of removal under 8 U.S.C. § 1229b(b) and voluntary departure under 8 U.S.C. § 1229c(b), *see Morales-Garcia v. Holder*, 567 F.3d 1058, 1062 (9th Cir. 2009) (cancellation of removal); *Lafarga v. INS*, 170 F.3d 1213, 1215 (9th Cir. 1999) (voluntary departure).

The agency also correctly concluded that this crime, as an undisputed controlled-substance trafficking offense, bars Morrison from establishing his eligibility for adjustment of status.  *See Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1056 (9th Cir. 2014) ("To be eligible for adjustment of status, an alien must ordinarily be admissible."); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) ("Section 212(a)(2)(C) [of the Immigration and Nationality Act] permits a

13-70975

finding of inadmissibility when the Attorney General has 'reason to believe' that the alien was involved in drug-trafficking.").

Morrison waived review of the agency's conclusion that he is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) due to the insufficient length of his lawful residence and continuous physical presence in the United States. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

We do not consider the extra-record documents that Morrison appended to his opening brief. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1290 n.7 (9th Cir. 2004) ("We may not consider any information beyond what the [agency] had before it at the time of its decision.").

**PETITION FOR REVIEW DENIED.**