**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SARA YAZMIN SANCHEZ-RESENDEZ, AKA Sara Yazmin Sanchez-Resendiz, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 09-71588 <br><br> Agency No. A078-048-655 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Petitioner Sara Sanchez-Resendez is a native and citizen of Mexico. She became a lawful permanent resident in 2003. She petitions for review of the Board of Immigration Appeals' (BIA) conclusion that her conviction for facilitation of unlawful transportation of marijuana for sale, in violation of Arizona Revised

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Statutes §§ 13-1004, 13-3405(A)(4), 13-3405(B)(11), is a crime involving moral turpitude, subjecting her to removal under 8 U.S.C. § 1227(a)(2)(A)(i). We have jurisdiction to review whether Sanchez's conviction involves moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(D). We deny Sanchez's petition.

After entering a guilty plea, Sanchez was convicted under two sections: (1) Ariz. Rev. Stat. § 13-1004 (facilitation) and (2) Ariz. Rev. Stat. § 13-3405(A)(4) (prohibiting, among other acts, the unlawful transportation of marijuana for sale). As an initial matter, Sanchez argues that we should not consider the underlying drug crime in determining whether her conviction involved moral turpitude. This argument is squarely foreclosed by our prior opinion in *Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007), which looked to the underlying drug crime when determining whether a conviction for solicitation of possession of marijuana for sale involved moral turpitude. Facilitation, like solicitation, is an inchoate offense that relies on an underlying, substantive crime. *See* Ariz. Rev. Stat. §§ 13-1004(A), 13-1005; *In re Christopher R.*, 957 P.2d 1004, 1005–1006 (Ariz. Ct. App. 1997). Therefore, we must look to the underlying drug crime to determine whether Sanchez's conviction constitutes a crime involving moral turpitude. *See Barragan-Lopez*, 508 F.3d at 903; *see also Rohit v. Holder*, 670 F.3d 1085, 1089–90 (9th Cir. 2012).

2

In determining whether Ariz. Rev. Stat. § 13-3405(A)(4) constitutes a crime involving moral turpitude, we employ a two-part analysis. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013). The first part is the application of the categorical approach. *Id.* at 2283. If the statute is divisible and does not qualify under the categorical approach, we may apply the modified categorical approach. *Id.* at 2284–85.

Section 13-3405(A)(4) is divisible because it contains multiple, alternative elements of functionally separate crimes. *See Descamps*, 133 S. Ct. at 2285; *see also Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014). We assume, but do not decide, that the full range of conduct covered by Ariz. Rev. Stat. § 13-3405(A)(4) is broader than the federal definition of "drug trafficking offense," which generally involves moral turpitude. *See Barragan-Lopez*, 508 F.3d at 903–04. However, because at least some of the alternative elements are clearly matches, we apply the modified categorical approach. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013) (citing *Descamps*, 133 S. Ct. at 2285).

Looking at the record of conviction, Sanchez pled guilty to, and was convicted of, facilitating the unlawful transportation of marijuana for sale. Because Sanchez's conviction included a "for sale" element, the conviction constituted a drug trafficking offense and therefore involved moral turpitude. *See*

3

*Barragan-Lopez*, 508 F.3d at 903–04 (concluding that possession of marijuana for sale was a crime of moral turpitude); *Atl. Richfield Co. v. Guerami*, 820 F.2d 280, 282 (9th Cir. 1987) (concluding that "possession of heroin for sale" is a "crime of moral turpitude").  The BIA's decision was not in error.

**PETITION DENIED.**