# Matter of Eva Isabel GONZALEZ ROMO, Respondent

*Decided May 19, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Within the jurisdiction of the United States Court of Appeals for the Ninth Circuit, a returning lawful permanent resident who has a felony conviction for solicitation to possess marijuana for sale is inadmissible under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012), even though that section refers only to attempt and conspiracy to commit a crime involving moral turpitude, and is therefore properly considered to be an arriving alien under section 101(a)(13)(C)(v) of the Act, 8 U.S.C. § 1101(a)(13)(C)(v) (2012). *Matter of Vo*, 25 I&N Dec. 426 (BIA 2011), clarified.

FOR RESPONDENT: Benjamin H. Harville, Esquire, Florence, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ryan J. Goldstein, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and GUENDELSBERGER, Board Members; GELLER, Temporary Board Member.

PAULEY, Board Member:

In a decision dated September 29, 2015, an Immigration Judge determined that the respondent is inadmissible and ineligible for relief from removal and ordered her removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed. The respondent's fee waiver request is granted pursuant to 8 C.F.R. § 1003.8(a)(3) (2016).

The respondent is a native and citizen of Mexico who became a lawful permanent resident of the United States on November 18, 1999. She was convicted on March 12, 2010, of solicitation to possess marijuana for sale, which is a class 4 felony under sections 13-1002 and 13-3405(A)(2) of the Arizona Revised Statutes. The respondent was detained and paroled into the United States when she attempted to reenter as a lawful permanent resident on May 3, 2014.

The Department of Homeland Security ("DHS") initiated removal proceedings against the respondent, charging that she is an arriving alien who is inadmissible under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2012), as an alien

convicted of a crime involving moral turpitude, and under section 212(a)(2)(C)(i) of the Act, as an alien who the Attorney General knows or has reason to believe is an illicit trafficker in a controlled substance. The Immigration Judge found that the respondent's conviction was for a crime involving moral turpitude and that the conviction provided a reason to believe that she was a controlled substance trafficker. Accordingly, the Immigration Judge determined that the respondent is inadmissible as charged. She further denied the respondent's requests for relief from removal.

On appeal, the respondent argues that she was not properly placed in removal proceedings as an "arriving alien." She contends that because she is a returning lawful permanent resident, to charge her with inadmissibility as an arriving alien under section 212(a) of the Act, the DHS must establish that she is seeking admission. *See Matter of Rivens*, 25 I&N Dec. 623, 624−27 (BIA 2011). The respondent can only be regarded as seeking admission if she falls within one of the exceptions in section 101(a)(13)(C) of the Act, 8 U.S.C. § 1101(a)(13)(C) (2012).[1] *See Matter of Pena*, 26 I&N Dec. 613, 615 (BIA 2015).

According to the respondent, the only possible exception that may be applicable is section 101(a)(13)(C)(v), namely, that she "has committed an offense identified in section 212(a)(2)." Although the DHS has charged that the respondent is inadmissible under section 212(a)(2)(A)(i)(I) of the Act because she was convicted of a crime involving moral turpitude, she asserts that the offense of solicitation to possess marijuana for sale is not such a crime under the law of the United States Court of Appeals for the

---

[1]  Section 101(a)(13)(C) of the Act provides:

> An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien—
>
>  (i)  has abandoned or relinquished that status,
>
>  (ii) has been absent from the United States for a continuous period in excess of 180 days,
>
>  (iii) has engaged in illegal activity after having departed the United States,
>
>  (iv) has departed from the United States while under legal process seeking removal of the alien from the United States, including removal proceedings under the Act and extradition proceedings,
>
>  (v)  has committed an offense identified in section 212(a)(2), unless since such offense the alien has been granted relief under section 212(h) or 240A(a), or
>
>  (vi) is attempting to enter at a time or place other than as designated by immigration officers or has not been admitted to the United States after inspection and authorization by an immigration officer.

Ninth Circuit, in whose jurisdiction this case arises.[2] The principal issue before us, therefore, is whether a felony conviction for solicitation to possess marijuana for sale is a conviction for a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

In support of her conclusion that the respondent is inadmissible under section 212(a)(2)(A)(i)(I) of the Act as an alien convicted of a crime involving moral turpitude, the Immigration Judge relied on the Ninth Circuit's decision in *Barragan-Lopez v. Mukasey*, 508 F.3d 899 (9th Cir. 2007). In that case, the court held that the petitioner's felony conviction for solicitation to possess at least 4 pounds of marijuana for sale in violation of sections 13-1002(A) and 13-3405(A)(2) of the Arizona Revised Statutes was a conviction for a crime involving moral turpitude for purposes of deportability under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006). *Id.* at 904.

In *Barragan-Lopez*, the Ninth Circuit first rejected the petitioner's assertion that his solicitation offense should be viewed as separate from the underlying drug possession crime, stating that he was not convicted of solicitation of unspecified criminal conduct but, instead, of soliciting the possession of a significant amount of marijuana. The court noted that it has previously looked to the underlying offense in determining whether inchoate crimes, such as solicitation, constitute crimes involving moral turpitude. *Id.* at 903 (citing *Goldeshtein v. INS*, 8 F.3d 645, 647 n.6 (9th Cir. 1993), and *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980)). Stating that "[d]rug trafficking offenses, including possession of unlawful substances for sale, generally involve moral turpitude," the court emphasized that by pleading guilty to solicitation to possess marijuana for sale, the petitioner had admitted his specific intent to promote or facilitate the commission of a crime involving moral turpitude under Arizona law. *Id.* at 903−04 (citing *Atl. Richfield Co. v. Guerami*, 820 F.2d 280, 282 (9th Cir. 1987), and *United States ex rel. DeLuca v. O'Rourke*, 213 F.2d 759, 762 (8th Cir. 1954) (stating that "there can be nothing more depraved or

---

[2] The respondent also argues that she cannot be considered to have "committed an offense identified in section 212(a)(2)" of the Act on the basis of the section 212(a)(2)(C)(i) charge. Relying on a statement of the Supreme Court in *Vartelas v. Holder*, 132 S. Ct. 1479, 1492 n.11 (2012), she asserts that a conviction or an admission to an offense is required in order to be an arriving alien under section 101(a)(13)(C)(v). Although we acknowledge that no conviction is required to sustain a charge under section 212(a)(2)(C)(i), in light of our disposition in this case, we need not determine whether the Supreme Court's *Vartelas* requirement is met where such a charge is, in fact, supported by a conviction.

morally indefensible than conscious participation in the illicit drug traffic")).

The court also rejected the petitioner's reliance on *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), and *Leyva-Licea v. INS*, 187 F.3d 1147 (9th Cir. 1999), finding that those cases were distinguishable. *Barragan-Lopez*, 508 F.3d at 904−05. In *Coronado-Durazo*, the Ninth Circuit found that a conviction under Arizona's solicitation statute was not a deportable offense under former section 241(a)(2)(B)(i) of the Act, 8 U.S.C. § 1251(a)(2)(B)(i) (1994), as a conviction for a crime "relating to a controlled substance" because the deportation statute included conspiracy and attempt, but not solicitation. Similarly, in *Leyva-Licea*, 187 F.3d at 1150, the court concluded that solicitation to possess marijuana for sale under Arizona law was not an aggravated felony under section 101(a)(43)(B) of the Act because the "Controlled Substances Act does . . . cover attempt and conspiracy," but "it does not list solicitation." In addition to noting that the statutes at issue were different in those cases, the court stated, "In neither case were we asked to determine whether solicitation to possess more than four pounds of marijuana for sale is a crime involving moral turpitude under [section 237(a)(2)(A)(i) of the Act]." *Barragan-Lopez*, 508 F.3d at 904−05.

We have long held that evil intent is inherent in the illegal distribution of drugs and that "participation in illicit drug trafficking is a crime involving moral turpitude." *Matter of Khourn*, 21 I&N Dec. 1041, 1046−47 (BIA 1997). Furthermore, it is well established that for immigration purposes, with respect to moral turpitude, there is no meaningful distinction between an inchoate offense and the completed crime. *Matter of Vo*, 25 I&N Dec. 426, 428 (BIA 2011); *see also Rohit v. Holder*, 670 F.3d 1085, 1089−90 (9th Cir. 2012) (holding that solicitation of prostitution is a crime involving moral turpitude). It is therefore appropriate to look at the substantive crimes to determine whether inchoate offenses, such as attempt, conspiracy, accessory before the fact, facilitation, or solicitation, constitute crimes involving moral turpitude. *Barragan-Lopez*, 508 F.3d at 903; *Matter of Vo*, 25 I&N Dec. at 428 (collecting cases); *cf. Matter of Beltran*, 20 I&N Dec. 521, 526 (BIA 1992) (stating that inchoate or preparatory offenses have been found to be crimes "relating to" a controlled substance "when the underlying substantive crime involves a drug offense").

We agree with the Ninth Circuit's conclusion in *Barragan-Lopez* that solicitation to possess marijuana for sale is a crime involving moral turpitude. *See also Morrison v. Holder*, 580 F. App'x 622 (9th Cir. 2014) (holding that a conviction for solicitation to possess marijuana for sale under sections 13-1002 and 13-3405 of the Arizona Revised Statutes

categorically constitutes a conviction for a crime involving moral turpitude); *Landero-Guzman v. Holder*, 344 F. App'x 454, 456 (9th Cir. 2009) ("Because solicitation of an offense requires the intent that the substantive offense be committed, solicitation of a drug trafficking offense is also a [crime involving moral turpitude]."); *cf. Sanchez-Resendez v. Lynch*, 608 F. App'x 537 (9th Cir. 2015) (holding that facilitation of the unlawful transportation of marijuana for sale is a crime involving moral turpitude).

However, the respondent argues that under Ninth Circuit law, she is not inadmissible under section 212(a)(2)(A)(i)(I) of the Act because, unlike the deportability ground at section 237(a)(2)(A)(i) that the court addressed in *Barragan-Lopez*, the inadmissibility ground expressly references attempt and conspiracy offenses. She therefore asserts that under the reasoning in *Coronado-Durazo* and *Leyva-Licea*, solicitation offenses are necessarily excluded from section 212(a)(2)(A)(i)(I).

We have previously concluded that a statute's inclusion of some generic offenses, such as attempt or conspiracy, does not indicate Congress' intent to exclude other generic crimes like solicitation from the statute's reach. *See Matter of Vo*, 25 I&N Dec. at 429−30 (stating that that we could not "reasonably conclude that Congress' express *inclusion* of attempt offenses in other sections of the Act was actually an intentional *exclusion* of them from section 237(a)(2)(A)"); *Matter of Beltran*, 20 I&N Dec. at 526 n.12 (noting that "efforts to draw an implication regarding the absence of a specific crime in the statute from Congress' inclusion of another have been rejected"). In *Matter of Zorilla-Vidal*, 24 I&N Dec. 768 (BIA 2009), we disagreed with the Ninth Circuit's contrary position in *Coronado-Durazo* and reaffirmed our decision in *Matter of Beltran*, which had been upheld by the Second and Fifth Circuits. *Mizrahi v. Gonzales*, 492 F.3d 156, 174 (2d Cir. 2007) (stating that "*Beltran* reasonably concluded that Congress's explicit reference to certain inchoate offenses as grounds for deportation did not indicate its intent to exclude others not so referenced"); *Peters v. Ashcroft*, 383 F.3d 302, 308 (5th Cir. 2004) (finding that the Board was "eminently reasonable" in *Beltran* in holding that "the statutory references to conspiracy and attempt are illustrative without being exclusive").

We are not persuaded by the respondent's arguments that we should now follow the Ninth Circuit's decisions in *Coronado-Durazo* and *Leyva-Licea*. As the court stated in *Barragan-Lopez*, those cases are distinguishable because they did not address the question whether solicitation to possess marijuana for sale is a crime involving moral turpitude. *Barragan-Lopez*, 508 F.3d at 904−05. Furthermore, the court has never held that an inchoate offense other than attempt or conspiracy cannot qualify as a crime involving moral turpitude under section

212(a)(2)(A)(i)(I) of the Act. Moreover, the Ninth Circuit has made clear in *Barragan-Lopez* and subsequent cases that where an underlying offense is a crime involving moral turpitude, so too are the crimes of solicitation or facilitation to commit that offense. *See Sanchez-Resendez*, 608 F. App'x 537; *Morrison*, 580 F. App'x 622; *Landero-Guzman*, 344 F. App'x 454.

In this regard, we note that we included a footnote in *Matter of Vo*, 25 I&N Dec. at 429 n.4, stating the following: "In effect, the Ninth Circuit has indicated that section 237(a)(2)(A) is *broader* in its coverage of crimes involving moral turpitude than section 212(a)(2)(A)(i)(I), because it would include inchoate offenses, such as solicitation and facilitation, that are not specifically enumerated in the inadmissibility statute, which lists only attempts and conspiracies." This statement was dicta reflecting our expectation of a position the Ninth Circuit might take in the context of section 212(a)(2)(A)(i)(I) of the Act. However, this statement does not reflect our current understanding of the Ninth Circuit's approach, and we now withdraw from it.

Finally, we point out that if solicitation to commit a crime involving moral turpitude is not covered by section 212(a)(2)(A)(i)(I), then many other clearly turpitudinous offenses outside the controlled substances context would not render aliens inadmissible. Such offenses, many of which arguably involve even greater moral depravity than the respondent's crime, could include solicitation to commit murder, rape, or arson or to engage in terrorist activity or human trafficking. We do not find it reasonable that Congress would have intended such a result.

We therefore agree with the Immigration Judge that the respondent's Arizona conviction for solicitation to possess marijuana for sale is a conviction for a crime involving moral turpitude that establishes her inadmissibility under section 212(a)(2)(A)(i)(I) of the Act. Consequently, because the respondent "has committed an offense identified in section 212(a)(2)," she is properly considered an arriving alien under section 101(a)(13)(C)(v).

In her notice of appeal, the respondent presented a general challenge to the Immigration Judge's denial of her requests for relief from removal. However, she has not meaningfully identified, in any manner, what aspects of the Immigration Judge's decision are factually or legally erroneous. We therefore affirm the Immigration Judge's findings. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.