**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON JR. MANANTAN BUEMIO, AKA Nelson M. Buemio, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-72889 <br><br> Agency No. A056-519-167 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Nelson Jr. Manantan Buemio, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeal's ("BIA") order denying

his appeal from an immigration judge's ("IJ") decision denying cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Perez-Mejia v. Holder*, 663 F.3d 403, 409 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Buemio is removable where Buemio failed to demonstrate any egregious circumstance that would justify relieving him from his attorney's admissions at the pleadings stage. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 831-32 (9th Cir. 2011) (describing egregious circumstances that, if present, justify relieving an alien of his attorney's admissions); *Barragan-Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir. 2007) (alien's admissions at pleadings stage constitute clear, convincing, and unequivocal evidence of removability).

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

To the extent Buemio contends the IJ was biased or denied him a full and fair hearing, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-72889