**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUIS YEPEZ-VARGAS, AKA Luis Yepez Vargas, AKA Luis Vargas Yepez, AKA Luis Yepis-Vargas, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-72070 <br><br> Agency No. A039-317-280 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 17, 2019
San Francisco, California

Before:  FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Luis Yepez-Vargas ("Yepez") petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") removal order.  Pursuant to 8 U.S.C. § 1252, we have jurisdiction;

we grant in part and deny in part Yepez's petition for review and remand to the

BIA for further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  The BIA erred in holding that Yepez's narcotic drug conviction under Arizona Revised Statute § 13-3408(A)(7) was an aggravated felony, which rendered him ineligible for cancellation of removal.  The parties agree that § 13-3408(A)(7) is overbroad when compared to the generic aggravated felony, because the term "narcotic drug" as defined by Arizona Revised Statute § 13-3401(20) criminalizes more drugs (benzylfentanyl and thenylfentanyl) than its federal counterpart, 21 U.S.C. §§ 802(6), 812.  *See Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014) (noting that a statute of conviction that criminalizes benzylfentanyl and thenylfentanyl is not categorically a removable offense under the federal Controlled Substances Act).

Because § 13-3408(A)(7) is overbroad, we must next determine whether the statute is divisible, meaning it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013).  If we determine that the statute of conviction is indivisible, our inquiry ends, because "a conviction under an indivisible, overbroad statute can never serve as a predicate offense." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc). Section 13-3408(A)(7) is also "indivisible," because the statute lists alternative means of committing the same offense. *See State v. Salinas*, 887 P.2d 985, 987 (Ariz. 1994) (setting forth "[t]he elements of possession of a narcotic for sale are: 1) exercise of dominion and control over the substance; 2) knowledge that the

substance is present; 3) knowledge that the substance is a narcotic; and 4) possession of the substance for the purpose of sale"); *State v. Castorina*, No. 1 CA-CR 08-0816, 2010 WL 2450117, at \*4 (Ariz. Ct. App. June 17, 2010) (relying on *Salinas*, the court noted that "neither our statutes nor case law require the state to prove that defendant knew which *particular* drug defined under our laws as a 'dangerous' drug or 'narcotic' drug he knew he possessed" (emphasis in original)); *see also Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) ("[A] state court decision definitively answers the [divisibility] question . . . .").

2. Yepez argues that the BIA erred in considering him as "inadmissible" for purposes of sustaining his charges of removability because he is an LPR who was "paroled" into the United States when he sought to re-enter in 2014. This argument is unexhausted because Yepez did not present it to the BIA, the BIA did not address the issue on its own, and no new event occurred in Yepez's case which would eliminate the exhaustion requirement. *See Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013); *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). We therefore lack subject-matter jurisdiction to consider this unexhausted argument. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).[1]

---

[1]  Even if this argument were exhausted, it lacks merit. Noncitizens lawfully admitted for permanent residence in the United States may be considered as "seeking admission into the United States for purposes of the immigration laws" if one of six exceptions applies. 8 U.S.C. § 1101(a)(13)(C); *see also Nguyen v. Sessions*, 901 F.3d 1093, 1097 (9th Cir. 2018); *Matter of Pena*, 26 I. & N. Dec.

3.   Yepez argues that, even if he were properly considered "inadmissible" under 8 U.S.C. § 1101(a)(13)(C), the BIA erred in sustaining his three independent charges of removability under 8 U.S.C. § 1182(a)(2).  We disagree and affirm two of the three independent charges of removability.[2]

First, the BIA properly sustained the IJ's holding that Yepez is removable, because there is "reason to believe" Yepez engaged in illicit trafficking of a controlled substance under 8 U.S.C. § 1182(a)(2)(C)(i).  Unlike many other grounds of inadmissibility and removability, 8 U.S.C. § 1182(a)(2)(C)(i) does not require a conviction for an alien to be deemed inadmissible or removable.  *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004).  Rather, the BIA's holding must be supported by "reasonable, substantial, and probative evidence" that supports the "IJ's 'reason to believe' that [Yepez] knew he was participating in illicit drug trafficking."  *Gomez-Granillo v. Holder*, 654 F.3d 826, 831 (9th Cir. 2011) (citation omitted).  Where a petitioner has pleaded guilty to narcotics

_____

613, 615 (BIA 2015).  Relevant here, one of the six exceptions includes when an LPR "has committed an offense identified in section 1182(a)(2) of this title."  8 U.S.C. § 1101(a)(13)(C)(v).  Yepez was charged with having committed an offense under three separate sections of 8 U.S.C. § 1182(a)(2).  Therefore, the BIA properly considered Yepez as "inadmissible" pursuant to 8 U.S.C. § 1101(a)(13)(C) for purposes of removability, despite his status as an LPR.

[2]      For the same reasons that we hold Yepez's narcotic drug conviction is not categorically an aggravated felony, his narcotic drug conviction is also not categorically a conviction "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

4

trafficking, "it logically follows that immigration officials do not merely have reason to believe he has trafficked in narcotics, they have reason to *know* he has done so." *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014) (citation omitted) (emphasis in original).

Yepez pleaded guilty to an amended felony count of attempt to transport a narcotic drug for sale, but his guilty plea does not mention that the narcotic drug for which he was convicted is cocaine. However, Yepez pleaded to the factual basis set forth in his suppression hearing transcript, which contains the arresting officer's testimony that Yepez was the sole occupant driving a car that hid "bundles of cocaine." This confirms that the drug for which Yepez was convicted is cocaine, a federally controlled substance.[3] *See* 21 U.S.C. § 802(6). Therefore, there is "reason to believe" Yepez engaged in illicit trafficking of a controlled substance under 8 U.S.C. § 1182(a)(2)(C)(i), which renders Yepez removable.

Yepez is also independently removable because he was convicted of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). The BIA engaged in extensive analysis in ascertaining that Yepez's conviction under Arizona Revised Statute § 13-3408(A)(7) is categorically a crime involving moral

---

[3]    Although the record contains only a partial transcript of Yepez's motion to suppress hearing, it is enough to confirm that the narcotic drug for which Yepez was convicted is cocaine.

turpitude. It also relied on its precedential decision in *Matter of Gonzalez Romo*, 26 I. & N. Dec. 743, 746 (BIA 2016), which reaffirmed that the BIA has "long held that evil intent is inherent in the illegal distribution of drugs and that 'participation in illicit drug trafficking is a crime involving moral turpitude.'" Additionally, in *Gonzalez Romo*, the BIA held that a similar conviction to Yepez's narcotic drug conviction—a felony conviction for solicitation to possess marijuana for sale—was a crime involving moral turpitude. *Id.* Because the BIA relied on precedential authority based on similar reasoning in determining that Yepez's conviction for attempt to transport a narcotic drug for sale is categorically a crime of moral turpitude, its decision is entitled to *Chevron* deference. *Rivera v. Lynch*, 816 F.3d 1064, 1071 (9th Cir. 2016); *see also Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). We therefore defer to the BIA's conclusion that Yepez was convicted of a crime categorically involving moral turpitude, which renders him independently removable under 8 U.S.C. § 1182(a)(2).

Yepez's petition for review is **GRANTED** in part, **DENIED** in part, and **REMANDED** to the BIA to allow Yepez to pursue his application for cancellation of removal. Each party shall bear its own costs on appeal.