**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARSENIO MONTOYA TIONGCO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72896

Agency No. A037-373-734

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Arsenio Montoya Tiongco, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeal's order denying his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law.

*Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).  We deny the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review.

The agency did not err in denying Montoya Tiongco's motion to withdraw his previous concession of removability, where he failed to demonstrate any egregious circumstance that would warrant withdrawing his pleadings. *See id.* at 831-32 (describing egregious circumstances that, if present, justify relieving an alien of his attorney's admissions).

Accordingly, the agency did not err in sustaining the removability charge. *See Barragan-Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir. 2007) (because petitioner's admissions at pleadings stage constitute clear, convincing, and unequivocal evidence of removability, the government met its evidentiary burden of demonstrating removability).

Montoya Tiongco's contention that the IJ erroneously relied on testimony at the relief stage to establish the removability charge is not supported by the record.

**PETITION FOR REVIEW DENIED.**