**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENZO CHIARELLA-CERRON, | No. 18-71261 |
| Petitioner, | Agency No. A095-775-192 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Renzo Chiarella-Cerron seeks review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

In Chiarella-Cerron's first petition for review, we held (among other things) that: (1) the BIA did not err in holding, based on the allegations in the felony complaint, that Chiarella-Cerron was convicted of conspiracy under Section 182(a)(1) of the California Penal Code to commit assault with a deadly weapon in violation of Section 245(a)(1) of the California Penal Code; and (2) we lacked jurisdiction over Chiarella-Cerron's argument that the BIA erred in determining that he committed a "violent or dangerous" crime as defined in 8 C.F.R. § 212.7(d). *Chiarella-Cerron v. Lynch*, 610 Fed. App'x 623, 624–25 (9th Cir. 2015). We granted the petition for the limited purpose of allowing the BIA to reconsider its determination that Chiarella-Cerron's conviction was for a crime involving moral turpitude (CIMT) under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *Id*. at 624.

Given our conclusions in the prior decision, which are law of the case,[1] the only issue properly before us is Chiarella-Cerron's challenge to the BIA's determination on remand that his conviction for conspiracy to commit a violation

---

[1] None of the exceptions to the law of the case doctrine apply, *see Valenzuela Gallardo v. Barr*, 968 F.3d 1053, 1062 n.5 (9th Cir. 2020), and we are thus "precluded from reconsidering" the issues decided in our prior disposition, *United States v. Crooked Arm*, 853 F.3d 1065, 1069 (9th Cir. 2017).

of Section 245(a)(1) was a CIMT. The BIA did not err in reaching this conclusion, because a violation of Section 245(a)(1) is "categorically" a CIMT, *Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020), and "a conspiracy to commit an offense involves moral turpitude . . . when the underlying substantive offense is a crime involving moral turpitude," *Goldeshtein v. INS*, 8 F.3d 645, 647 n.6 (9th Cir. 1993); *see also Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007). Because Chiarella-Cerron was convicted of a CIMT, he was "inadmissible," 8 U.S.C. § 1182(a)(2)(A)(i)(I), and therefore ineligible for adjustment of status in the absence of a waiver, *see* 8 U.S.C. §§ 1182(h), 1255(a), *see also Safaryan*, 975 F.3d at 980, to which he is not entitled, *see Chiarella-Cerron*, 610 Fed. App'x at 625.

**PETITION DENIED.**