# Matter of J-G-P-, Respondent

*Decided October 11, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The offense of menacing in violation of section 163.190 of the Oregon Revised Statutes
is categorically a crime involving moral turpitude.

(2) The element of actual inflicted fear is not necessary to determine that a crime
categorically involves moral turpitude where the State statute requires evil or malicious
intent, and the level of threatened harm, or magnitude of menace implicit in the threat,
is serious and immediate. *Matter of Solon*, 24 I&N Dec. 239 (BIA 2007), distinguished.

FOR RESPONDENT: Stephen Manning, Esquire, Portland, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sarah K. Barr, Assistant
Chief Counsel; Kathleen M. Zapata, Associate Legal Advisor

BEFORE: Board Panel: WENDTLAND and O'CONNOR, Board Members. BAIRD,
Temporary Board Member.

O'CONNOR, Board Member:

In a decision dated February 17, 2015, an Immigration Judge pretermitted
the respondent's application for cancellation of removal under section
240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2012),
and denied his applications for asylum and withholding of removal under
sections 208(a) and 241(b)(3) of the Act, 8 U.S.C. §§ 1158(a) and 1231(b)(3)
(2012). The respondent has appealed from that decision.[1] The panel heard
oral argument in this case.[2] The appeal will be dismissed.

---

[1] The respondent has not challenged the Immigration Judge's denial of his request for
protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading
Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res.
39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into
force June 26, 1987; for the United States Apr. 18, 1988). Therefore, the issue is deemed
waived. *See, e.g.*, *Matter of R-A-M-*, 25 I&N Dec. 657, 658 n.2 (BIA 2012).

[2] During the pendency of the respondent's appeal, we also received supplemental briefing
from the parties and a brief from amicus curiae. We acknowledge with appreciation the
thoughtful arguments raised in the briefs.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without inspection at an unknown time and place.  On September 20, 2011, he was convicted of menacing in violation of section 163.190 of the Oregon Revised Statutes.  The Department of Homeland Security ("DHS") issued a notice to appear charging him with inadmissibility under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien who is in the United States without permission.  In removal proceedings before the Immigration Judge, he conceded the charge of inadmissibility and sought relief from removal.

The Immigration Judge found that the offense of menacing in violation of section 163.190 is categorically a crime involving moral turpitude and pretermitted the respondent's application for cancellation of removal on this basis.[3]  She also denied the respondent's request for asylum as untimely and his application for withholding of removal for failure to meet his burden of proof.

## II.  ANALYSIS

### A.  Cancellation of Removal

The respondent contends that a violation of section 163.190 of the Oregon Revised Statutes is not categorically a crime involving moral turpitude and that the Immigration Judge therefore improperly pretermitted his application for cancellation of removal under section 240A(b) of the Act.  We review this question of law de novo.  8 C.F.R. 1003.1(d)(3)(ii) (2019).

To be statutorily eligible for cancellation of removal, the respondent must demonstrate by a preponderance of the evidence that he was not convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act.  Section 240A(b)(1)(C) of the Act; *see also* section 240(c)(4)(A) of the Act, 8 U.S.C. § 1229a(c)(4)(A) (2012); 8 C.F.R. § 1240.8(d) (2019).  "The term 'moral turpitude' generally refers to conduct that is 'inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'"  *Matter of Silva-Trevino*, 26 I&N

---

[3]   In 2012, the Immigration Judge found that the respondent's conviction was not for a crime involving moral turpitude and issued an interim decision denying the DHS's motion to pretermit the respondent's application for cancellation of removal under section 240A(b)(1)(C) of the Act.  However in December 2014, the DHS filed a renewed motion to pretermit, arguing that we had issued two unpublished decisions finding that menacing under section 163.190 of the Oregon Revised Statutes was categorically a crime involving moral turpitude, and the Immigration Judge granted that motion.

Dec. 826, 833–34 (BIA 2016) (citations omitted). A crime involving moral turpitude "requires two essential elements: reprehensible conduct and a culpable mental state." *Id.* at 834.

At all relevant times, section 163.190(1) of the Oregon Revised Statutes has provided that a "person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." For purposes of this provision, section 161.015(8) of the Oregon Revised Statutes provides that "serious physical injury" means "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

The respondent and amicus curiae characterize section 163.190 as an "apprehension-only" simple assault statute that does not require a defendant to actually inflict an injury on the victim. They contend that to violate the statute, a defendant need only cause the victim to experience the apprehension of imminent injury and that, according to longstanding precedent, such assaults are not turpitudinous. *See, e.g.*, *Matter of Ahortalejo-Guzman*, 25 I&N Dec. 465, 466 (BIA 2011) ("Simple assault or battery is generally not considered to involve moral turpitude for purposes of the immigration laws."); *Matter of E-*, 1 I&N Dec. 505, 507 (BIA 1943) (same).

We disagree. This precedent does not specifically address the issue in this case: whether an assault statute that requires a defendant to act with the specific intent to cause a victim to apprehend or fear imminent *serious* physical injury involves moral turpitude. Rather, the cases that the respondent and amicus cite involve the nonconsensual touching of another person, committed with general intent, and causing only slight injury, if any.

We agree with the Immigration Judge that menacing under section 163.190 of the Oregon Revised Statutes is categorically a crime involving moral turpitude because the specific intent to cause fear of imminent serious physical injury involves a culpable mental state and reprehensible conduct. This finding comports with our case law and the controlling jurisprudence of the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises.

Our analysis begins with the categorical approach embodied in *Taylor v. United States*, 495 U.S. 575, 600 (1990). This approach requires us to focus on the elements defining the crime of menacing under section 163.190 and "the minimum conduct that has a realistic probability of being prosecuted under the statute . . . , rather than on the facts underlying the respondent's particular violation of that statute." *Matter of Silva-Trevino*, 26 I&N Dec. at 831; *see also Escobar v. Lynch*, 846 F.3d 1019, 1024 (9th Cir. 2017).

Oregon courts have held that the crime of menacing in violation of section 163.190 requires the State to prove a "defendant's intent to engage in particular conduct and his intent to cause a particular result"—namely, "that a defendant 'intentionally attempt[ed] to place another person in fear of imminent serious physical injury.'" *State v. Durst*, 273 P.3d 370, 372 (Or. Ct. App. 2012) (alteration in original) (citation omitted). "Because the victim's subjective state of mind is not a defined element of the offense, the standard is whether a 'reasonable person' would have been placed in the requisite state of fear." *State v. C.S.*, 365 P.3d 535, 538 (2015); *see also State v. Lee*, 23 P.3d 999, 1002 (Or. Ct. App. 2001) ("It bears emphasis that the statute requires proof of an *intent* to create fear, not that the actor create actual fear in a victim."). Section 163.190 also requires that the defendant take a "substantial step" toward achieving his or her objective. *State v. Garcias*, 679 P.2d 1354, 1359 n.8, 1361 (Or. 1984) (en banc); *Durst*, 273 P.3d at 372.

We recognize that menacing under section 163.190 derives in part from the common-law crime of assault and the definition of simple assault in the Model Penal Code.[4] *See* Model Penal Code § 211.1(1)(c) (Am. Law Inst. 2018) (defining simple assault in part as "attempt[ing] by physical menace to put another in fear of imminent serious bodily injury"). However, in contrast to simple assault offenses, which "require general intent only and may be committed without . . . evil intent," section 163.190 requires a specific intent to create fear in the victim, as perceived by a reasonable person. *Matter of Solon*, 24 I&N Dec. 239, 241 (BIA 2007). In our view, the presence of this "specific intent . . . reflects a vicious motive" indicative of moral turpitude. *Burboa-Rocha v. Sessions*, 725 F. App'x 588, 589 (9th Cir. 2018) (upholding our conclusion that menacing under Oregon law involves moral turpitude); *cf. Matter of Solon*, 24 I&N Dec. at 242 (stating that "where no conscious behavior is required, there can be no finding of moral turpitude").

However, this conclusion does not end our inquiry. "[I]n the context of assault crimes, a finding of moral turpitude involves an assessment of both the state of mind and the level of harm required to complete the offense." *Matter of Solon*, 24 I&N Dec. at 242. "[I]ntentional conduct resulting in a meaningful level of harm, which must be more than mere offensive touching, may be considered morally turpitudinous." *Id.* We therefore turn to the level of harm required to complete the crime of menacing under section 163.190.

---

[4] In defining "assault" in 1971, the Oregon Legislature provided that an assault "occurs when one intentionally . . . causes some degree of physical injury to another," but it excluded from the definition "conduct intended to create apprehension, but not necessarily injury." *Garcias*, 679 P.2d at 1356. "[T]he tort law derived concept of 'intentional creation of the apprehension of receiving a battery'" was retained, however, "as the newly designated offense of menacing." *Id.* (citation omitted).

The Oregon Supreme Court has held "that [the] harm . . . caused" by menacing—namely, "fear of imminent serious physical injury"—may only occur in "a narrow category of conduct, a face to face confrontation between [an] actor and victim," who share "a hostile relationship." *Garcias*, 679 P.2d at 1360–61; *see also State v. Ziska*, 334 P.3d 964, 965, 970 (Or. 2014) (en banc) (holding that raising a crowbar and telling the victim, "I'm going to level you," constitutes menacing).[5] The respondent argues that, while threatening to cause this type of harm is distasteful, it is not morally turpitudinous because a violator of section 163.190 is not required to actually cause, or intend to cause, any harm to the victim. He cites, inter alia, *Matter of Solon* in support of these arguments and maintains that menacing under Oregon law is indistinguishable from simple assault.

In *Solon*, we observed that "[m]any simple assault statutes prohibit a wide range of conduct or harm, including de minimis conduct or harm, such as offensive or provocative physical contact or insults, which is not ordinarily considered to be inherently vile, depraved, or morally reprehensible." *Matter of Solon*, 24 I&N Dec. at 241. In doing so, we cited as examples of assault statutes that do not involve moral turpitude the laws of Arizona, Iowa, Maine, New Mexico, and Tennessee. The respondent argues that section 163.190 is analogous to those statutes. However, they differ from section 163.190 in that they do not require the specific intent to place another person in apprehension of imminent *serious* physical injury.[6]

We also included a footnote in *Matter of Solon* where we noted that menacing under section 120.15 of the New York Penal Law prohibited "some of the lesser conduct traditionally encompassed within common-law

---

[5] There is insufficient evidence to convict an individual of menacing under 163.190 where his threats are not imminent and would not place a reasonable person in fear of serious injury. *See C.S.*, 365 P.3d at 539 (finding insufficient evidence to establish an imminent threat where an individual's threats were to be carried out at "an unspecified future date" and "were not made in the context of a close relationship with any of the victims, or in response to a specific disagreement or escalating conflict"); *cf. Garcias*, 679 P.2d at 1359–60 (stating that menacing would not encompass "a police officer communicating a warning of a bomb threat to the occupants of a building, a doctor informing a patient of a serious illness and one actor menacing another in the course of a performance").

[6] Ariz. Rev. Stat. Ann. § 13-1203(A)(2) (2019) ("Intentionally placing another person in reasonable apprehension of imminent physical injury"); Iowa Code Ann. § 708.1(2)(b) (West 2019) (intending "to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive"); Me. Rev. Stat. Ann. tit. 17-A, § 207(1)(A) (2019) (intending to cause "bodily injury or offensive physical contact to another person"); N.M. Stat. Ann § 30-3-1(B) (West 2019) (causing "another person to reasonably believe that he is in danger of receiving an immediate battery"); Tenn. Code Ann. § 39-13-101(a)(2) (West 2019) (intending to cause "another to reasonably fear imminent bodily injury").

assault." *Id.* at 244 n.5. Although this statement was dicta, the respondent characterizes it as holding that menacing under the New York statute does not categorically involve moral turpitude. He therefore contends that since section 120.15 of the New York Penal Law is analogous to section 163.190, the Oregon menacing offense should likewise not be considered to be turpitudinous. *See Garcias*, 679 P.2d at 1356–57 (noting that the crime of menacing under section 163.190 is "similar to that found in the New York Penal Law § 120.15"). We disagree.

Unlike the New York menacing statute and the assault statutes cited in *Solon*, which reach offenses that place another in fear of *any* physical injury, section 163.190 requires that a defendant must cause a reasonable person to fear imminent *serious* physical injury.[7] We did not have the occasion in *Matter of Solon* to highlight the distinction between "physical injury" under New York law and "serious physical injury" under Oregon law. However, we now conclude that the seriousness of the threatened physical injury in section 163.190 distinguishes it from the simple assault statutes we addressed in *Matter of Solon*, as well as the menacing statute at section 120.15 of the New York Penal Law. Thus, *Matter of Solon* does not preclude us from holding that intentionally causing fear of imminent *serious* physical injury "reflects a level of immorality that is greater than that associated with a simple offensive touching," and is therefore morally turpitudinous. *Matter of Sanudo*, 23 I&N Dec. 968, 971 (BIA 2006).

Accordingly, we hold that the offense of menacing in violation of section 163.190 of the Oregon Revised Statutes is categorically a crime involving moral turpitude. In this regard, we also conclude that the element of actual inflicted fear is not necessary to determine that a crime categorically involves moral turpitude because section 163.190 requires evil or malicious intent, and the level of threatened harm, or magnitude of menace implicit in the threat, is serious and immediate.

We recognize that there is some tension between this conclusion and the decision of the Ninth Circuit in *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159,

---

[7] Section 120.15 of the New York Penal Law provides that "[a] person is guilty of menacing . . . when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or *physical injury*." (Emphasis added.) "Physical injury" is defined in section 10.00(9) of the New York Penal Law to mean "impairment of physical condition or substantial pain." Section 161.015(7) of the Oregon Revised Statutes uses the same definition of "physical injury" as New York. Both jurisdictions have held that "physical injury" may encompass painful bruising. *See, e.g.*, *People v. Bowen*, 17 A.D.3d 1054, 1056 (N.Y. App. Div. 2005); *State ex rel. Juvenile Dep't of Clatsop Cty. v. Salmon*, 730 P.2d 1285, 1287 (Or. Ct. App. 1986). However, this degree of injury would be insufficient to constitute "serious physical injury" under Oregon law. *See, e.g.*, *State v. Dazhan*, 516 P.2d 92, 95 (Or. Ct. App. 1973).

1167 (9th Cir. 2006), which held that assault under section 13-1203(A)(2) of the Arizona Revised Statutes is not a categorical crime involving moral turpitude because that statute contains no element of injury, instead prohibiting "conduct that merely places another person 'in reasonable apprehension of' physical injury." The court observed that a "simple assault statute which permits a conviction for . . . mere threats, or for conduct that causes only the most minor or insignificant injury is not limited in scope to crimes of moral turpitude." *Id.*

However, like the New York menacing statute we distinguished above, section 13-1203(A)(2) of the Arizona Revised Statutes only reaches threats that place another in apprehension of "physical injury," which Arizona defines in section 13-105(33) as the "impairment of physical condition." As with the New York statute, this lower standard differs significantly from "fear of imminent *serious* physical injury," which is the level of threatened harm required by section 163.190. *Garcias*, 679 P.2d at 1361. Indeed, the DHS conceded at oral argument that if section 163.190 did not require an intent to cause apprehension of *serious* physical injury, it would not define a crime involving moral turpitude.

Moreover, we are not persuaded that *Fernandez-Ruiz* stands for the proposition that criminal threats that do not result in actual physical injury to another can never be a crime involving moral turpitude. The Ninth Circuit more recently issued an unpublished decision deferring to our conclusion that menacing in violation of section 163.190 is categorically a crime involving moral turpitude because "the act of intentionally attempting to place the victim in imminent fear of *serious physical injury* makes menacing reprehensible." *Burboa-Rocha*, 725 F. App'x at 589 (emphasis added).

Our conclusion that menacing under section 163.190 is categorically a crime involving moral turpitude also comports with the holding in *Latter-Singh v. Holder*, 668 F.3d 1156 (9th Cir. 2012), and is not precluded by *Coquico v. Lynch*, 789 F.3d 1049 (9th Cir. 2015), two Ninth Circuit cases that we asked the parties to address at oral argument.

In *Latter-Singh*, the court held that making threats with the intent to terrorize under section 422 of the California Penal Code is categorically a crime involving moral turpitude.[8] Unlike the Oregon menacing statute,

---

[8]   A person violates section 422 of the California Penal Code if he or she

> willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat . . . which . . . convey[s] to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety.

section 422 requires that the threat caused the victim to experience an immediate and sustained fear of injury. *Latter-Singh*, 668 F.3d at 1160, 1162; *cf. C.S.*, 365 P.3d at 538 (holding that section 163.190 only requires that "a 'reasonable person' would have been placed" in "fear of 'imminent' serious physical injury" rather than proof that the victim subjectively experienced fear). The respondent contends that the absence in section 163.190 of an element requiring the actual infliction of fear indicates that menacing under Oregon law does not involve moral turpitude.

We are not persuaded by this argument. First, *Latter-Singh* does not state that the infliction of actual fear is a required element of a crime involving moral turpitude. It merely indicates that such an element, if present, may be relevant to analyzing whether an offense is turpitudinous. Specifically, although the court noted that *Fernandez-Ruiz* held "that criminal threats alone, without any attendant serious physical harm, do not necessarily implicate moral turpitude," it concluded that, even in the absence of such a requirement, a violation of section 422 involves moral turpitude because the underlying harm threatened is itself turpitudinous since the statute "criminalizes only those statements that threaten 'death or great bodily injury.'" *Latter-Singh*, 668 F.3d at 1161; *cf. Uppal v. Holder*, 605 F.3d 712, 719 (9th Cir. 2010) (concluding that Canada's aggravated assault statute did not define a crime involving moral turpitude because it did "*not* involv[e] a specific intent to injure . . . and [did] *not* requir[e] that the assault cause death or even serious bodily injury").

Additionally, the court found that section 422 categorically defines a crime involving moral turpitude because, like the Oregon menacing statute, it requires that a violator act with the specific intent to place another in fear of *serious* injury. *Id.* at 1162. The court emphasized that "evil or malicious intent is . . . the essence of moral turpitude," which in our view, properly places the focus on a violator's intent to cause fear of serious physical injury, rather than on his victim's subjective fear, in assessing the reprehensibility of his actions. *Id.* at 1161 (citation omitted).

Therefore, even if a threat made under section 163.190 does not cause actual fear in the victim, it would still be reprehensible because the violator must specifically intend to place the victim in fear of imminent serious injury and take a substantial step toward this objective such that a reasonable person would fear the threatened harm. *C.S.*, 365 P.3d at 538; *Garcias*, 679 P.2d at 1359 n.8. In other words, like section 422's requirement that a threat place a victim in immediate and sustained fear, the reasonable person requirement of section 163.190 ensures that empty, meaningless threats are not criminalized. *Latter-Singh*, 668 F.3d at 1162 (stating that section 422 does "not criminalize 'emotional outbursts' or 'mere angry utterances or ranting soliloquies, however violent'" (citation omitted)).

In *Coquico v. Lynch*, the Ninth Circuit compared the criminal threats proscribed by section 422 in *Latter-Singh*—which involved the intent to terrorize by placing another in immediate and sustained fear of death or great bodily injury—with the threat associated with "unlawful laser activity" under section 417.26 of the California Penal Code—which "requires only an intent to place the victim in 'apprehension or fear of bodily harm.'" *Coquico*, 789 F.3d at 1054 (citation omitted). Concluding that a violation of section 417.26 was not a categorical crime involving moral turpitude, the court observed in a footnote that its prior precedent "casts doubt on whether an intent to cause 'apprehension or fear,' rather than intent *to injure*, can ever be a [crime involving moral turpitude]." *Id.* at 1054 n.4; *cf. State v. Santacruz-Betancourt*, 969 P.2d 1040, 1043 (Or. Ct. App. 1998) (holding that the act of shining a red laser beam into a home and onto an occupant's head in imitation of a sighted weapon "could constitute menacing").

This observation does not preclude us from holding that the respondent's offense is turpitudinous, because it was dicta and cannot be reconciled with *Latter-Singh*, which concluded that a criminal threat can categorically involve moral turpitude. We decline to hold that a whole category of crimes does not involve moral turpitude solely because the offenses lack an element of actual fear or injury, or of an intent to injure, particularly where a violator's conduct would cause a reasonable person to fear serious physical injury. We are also persuaded by the DHS's argument that certain criminal threat crimes, like the California offense defined at section 422 and menacing under section 163.190, involve a fear on the part of the victim that is injurious *because of* its seriousness. In other words, we consider the specific intent to cause fear of imminent serious physical injury to be quite different from a general intent to cause any apprehension or fear, however slight.

We therefore conclude that menacing in violation of section 163.190 of the Oregon Revised Statutes is categorically a crime involving moral turpitude. Consequently, we agree with the Immigration Judge that the respondent's conviction precludes him from establishing his eligibility for cancellation of removal under section 240A(b)(1)(C) of the Act.[9] *See* 8 C.F.R. § 1240.8(d).

## B. Asylum and Withholding of Removal

The respondent also challenges the Immigration Judge's denial of his applications for asylum and related relief. We agree with the Immigration

---

[9] In *Matter of Ortega-Lopez*, 27 I&N Dec. 382 (BIA 2018), we reaffirmed our decision in *Matter of Cortez*, 25 I&N Dec. 301 (BIA 2010), regarding the meaning of the phrase "convicted of an offense under" in section 240A(b)(1)(C) of the Act. We therefore reject the respondent's suggestion that *Matter of Cortez* should be overruled.

Judge that the respondent is ineligible to seek asylum because he did not file his application within 1 year of his last arrival in the United States and has not demonstrated that an exception to the filing deadline applies. *See* sections 208(a)(2)(B), (D) of the Act (setting forth the 1-year filing deadline and providing that changed or extraordinary circumstances may be exceptions to this deadline); 8 C.F.R. § 1208.4(a)(2), (4), (5) (2019).

The respondent last entered the United States in 1992 at age 20, prompted by the murder of his father and brother in Michoacán, Mexico, over a property dispute. However, he did not file his asylum application until after his removal proceedings were initiated in 2012. The respondent suffers from post-traumatic stress disorder ("PTSD") as a result of witnessing the murders and argues that this condition constitutes an extraordinary circumstance that justifies his untimely filing. We disagree, because the respondent has not adequately explained how his PTSD could have resulted in a 20-year delay in filing his asylum application. Accordingly, we affirm the Immigration Judge's denial of asylum.

With regard to the respondent's application for withholding of removal under section 241(b)(3) of the Act, we discern no clear error in the Immigration Judge's factual finding that the respondent's experience of witnessing violence against his family does not bear a nexus to a protected ground but, rather, is reflective of indiscriminate violence in Mexico. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The respondent has also not met his burden of establishing that a cognizable particular social group will be "a reason" for any future threat to his life or freedom in Mexico. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). We conclude that his proposed group of "displaced Mexican males with significant family relationships to the United States" is not defined with particularity on this record. *See Matter of M-E-V-G-*, 26 I&N Dec. 227, 237–43 (BIA 2014); *Matter of W-G-R-*, 26 I&N Dec. 208, 212–18 (2014), *vacated in part on other grounds*, *Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 736 (2018) (mem.). We therefore affirm the Immigration Judge's denial of withholding of removal under section 241(b)(3) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.