**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOSEPH FUGOW,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent.*

No. 16-70918

Agency No.
A206-352-767

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 23, 2019
University of Hawaii at Manoa

Filed November 18, 2019

Before: Susan P. Graber, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Immigration

Denying Joseph Fugow's petition for review of a decision of the Board of Immigration Appeals, the panel held that Fugow's conviction for first-degree unlawful imprisonment under Hawaii Revised Statutes § 707-721(1) is categorically a crime involving moral turpitude (CIMT) that made him removable.

The panel observed that both the BIA and this court have been unable to establish any coherent criteria for determining which crimes are CIMTs. Nonetheless, the panel applied the categorical approach to determine whether Fugow's conviction constitutes a CIMT.

Examining the elements of the Hawaii statute, the panel explained that the least culpable way of committing first-degree unlawful imprisonment is to knowingly restrain another person under circumstances that the defendant knows will expose the person to a risk of serious bodily injury.

Next, the panel compared the elements of the statute with the federal definition of a CIMT, noting that this court has defined a CIMT as involving either fraud or base, vile, and depraved conduct that shocks the public conscience. The panel also observed that non-fraudulent CIMTs generally involve an intent to injure, actual injury, or a protected class

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of victims, but explained that this court has held that certain reckless endangerment offenses qualify as CIMTs. In *Leal v. Holder*, 771 F.3d 1140 (9th Cir. 2014), the court held that an Arizona law barring recklessly endangering another person with a substantial risk of imminent death is a CIMT.

The panel concluded that first-degree unlawful imprisonment under Hawaii law is categorically a CIMT. The panel explained that the state of mind contemplated by the Hawaii statute (knowledge) is higher than that of the Arizona statute in *Leal* (recklessness). The panel noted that the harm contemplated by the Hawaii statute is less severe than the harm contemplated by the Arizona statute, but explained that the combination of the harm and state of mind required by the Hawaii statute results in conduct that is no less turpitudinous than the conduct at issue in *Leal*.

## COUNSEL

Manuel Q. Diones (argued), Law Offices of Manuel Q. Diones LLLC, Honolulu, Hawaii, for Petitioner.

M. Jocelyn L. Wright (argued), Senior Litigation Counsel; Melissa Neiman-Kelting, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PER CURIAM:

Under the Immigration and Nationality Act (INA), certain noncitizens who are convicted of a "crime involving moral turpitude" (CIMT) are removable.   8 U.S.C. § 1227(a)(2)(A)(i).   The INA does not define the term "crime involving moral turpitude."   As we have noted before, both the Board of Immigration Appeals (BIA) and our court have been unable "to establish any coherent criteria for determining which crimes fall within that classification and which crimes do not." *Nunez v. Holder*, 594 F.3d 1124, 1130 (9th Cir. 2010), *superseded in other part as stated by Betansos v. Barr*, 928 F.3d 1133, 1142 (9th Cir. 2019). Nonetheless, in this case we must decide whether a conviction for first-degree unlawful imprisonment under Hawaii law qualifies as a CIMT.

Joseph Fugow, a native and citizen of the Federated States of Micronesia, was admitted to the United States in 2011.  In July 2014, Fugow was convicted of first-degree unlawful imprisonment in violation of Hawaii Revised Statutes section 707-721(1), an offense that carries a maximum sentence of five years in prison.   Shortly thereafter, the Department of Homeland Security initiated removal proceedings against Fugow for being convicted of a CIMT within five years of admission.  An immigration judge (IJ) determined that Fugow would be removable for being convicted of a categorical CIMT.  Instead of ordering Fugow removed on this basis, the IJ permitted Fugow to voluntarily depart the United States.  On appeal, the BIA affirmed the IJ's ruling in an unpublished decision.  Fugow now timely petitions for review.

We use the categorical approach to determine whether a conviction qualifies as a CIMT.  Under this approach, the first step is to identify the elements of the statute of conviction.  The second step is to compare the elements of the statute of conviction to the generic federal definition of a CIMT.  The goal of the inquiry is to determine whether the statute of conviction is broader than the federal definition. *See Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc).  If there is a "realistic probability" that the statute of conviction would be applied to non-turpitudinous conduct, there is no categorical match.  *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

First-degree unlawful imprisonment is committed by "knowingly restrain[ing] another person under circumstances which expose the person to the risk of serious bodily injury."  Haw. Rev. Stat. § 707-721(1).  "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  *Id.* § 707-700. Under Hawaii law, the "state of mind with which the defendant acts applies to all elements of the offense, unless otherwise specified in the statute defining the offense."  *State v. Kalama*, 8 P.3d 1224, 1229 (Haw. 2000).  As a result, the *least* culpable way of committing first-degree unlawful imprisonment is to knowingly restrain another person under circumstances that the defendant knows will expose the person to a risk of serious bodily injury.

Having defined the elements of the statute of conviction, we now compare those elements with the federal definition of a CIMT.  Our court has defined a CIMT as involving "either fraud or base, vile, and depraved conduct that shocks the public conscience."  *Nunez*, 594 F.3d at 1131 (brackets

and internal quotation marks omitted). When comparing a statute of conviction with this federal definition, we assess the state of mind and the resulting harm in tandem. *Leal v. Holder*, 771 F.3d 1140, 1146 (9th Cir. 2014). "[A]s the level of conscious behavior decreases, i.e., from intentional to reckless conduct, more serious resulting harm is required in order to find that the crime involves moral turpitude." *Id.* (quoting *Ceron*, 747 F.3d at 783). It follows that a crime committed knowingly or intentionally needs less serious harm to qualify as a CIMT than a crime committed recklessly.

Although non-fraudulent CIMTs generally involve an "intent to injure, actual injury, or a protected class of victims," *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1213 (9th Cir. 2013), we have held that certain reckless endangerment offenses qualify as CIMTs. In *Leal*, we upheld the BIA's determination that an Arizona law barring "recklessly endangering another person with a substantial risk of imminent death" is a CIMT. 771 F.3d at 1144 (quoting Ariz. Rev. Stat. § 13-1201). Even though the offense required a state of mind of only recklessness, we found that the "creation of a substantial, actual risk of imminent death is sufficiently reprehensible" to establish a CIMT. *Id.* at 1146.

Here, we conclude that first-degree unlawful imprisonment under Hawaii law also qualifies as a CIMT. The Hawaii statute requires proof that the defendant knew that his actions would expose another person to a risk of serious bodily injury. Haw. Rev. Stat. § 707-721(1). Thus, the state of mind contemplated by the Hawaii statute (knowledge) is higher than that of the Arizona statute that we considered in *Leal* (recklessness). The lesser harm contemplated by the Hawaii statute (exposure to a risk of

serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ) is less severe than the harm contemplated by the Arizona statute (exposure to a substantial risk of imminent death). But the harm required by the Hawaii statute is still severe, and it is coupled with a knowing state of mind. That combination, in our view, results in conduct that is no less turpitudinous than the conduct proscribed by the Arizona reckless endangerment statute at issue in *Leal*.

Our decision in *Castrijon-Garcia*, which held that simple kidnapping under California law is not a CIMT, is not to the contrary. Unlike first-degree unlawful imprisonment under Hawaii law, simple kidnapping under California law is a "general intent crime," does not require any risk of harm, and has been applied by the state courts in cases involving non-turpitudinous conduct. 704 F.3d at 1211–17.

We hold that first-degree unlawful imprisonment under Hawaii law is categorically a CIMT. Our decision accords with the decisions of our sister circuits. *See Idy v. Holder*, 674 F.3d 111, 118–19 (1st Cir. 2012) (holding that New Hampshire's crime of "reckless conduct," defined as "recklessly engag[ing] in conduct which places or may place another in danger of serious bodily injury," constitutes a CIMT); *Keungne v. U.S. Att'y Gen.*, 561 F.3d 1281, 1286–87 (11th Cir. 2009) (holding that Georgia's misdemeanor crime of "reckless conduct," defined in part as recklessly "endanger[ing] the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person," constitutes a CIMT).

**PETITION FOR REVIEW DENIED.**