**NOT FOR PUBLICATION**

**FILED**

APR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GONZALO GARCIA-FABELA,

Petitioner,

v.

MERRICK GARLAND, Attorney General,

Respondent.

No.     19-70427

Agency No. A099-010-084

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2021
Portland, Oregon

Before:  PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.
Partial Concurrence and Partial Dissent by Judge PAEZ

Gonzalo Garcia-Fabela petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to terminate for lack of

jurisdiction; denying his motion to remand; and dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

1. The BIA did not err in denying Garcia-Fabela's motion to terminate his removal proceedings. Garcia-Fabela argues the immigration court lacked jurisdiction because his initial notice to appear (NTA) did not include the time and date for his first hearing in Immigration Court. We previously rejected this jurisdictional argument in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (Feb. 24, 2020), but Garcia-Fabela argues that *Karingithi* is irreconcilable with the Supreme Court's later decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).

We conclude, however, that *Karingithi* is not clearly irreconcilable with *Kisor* because the *Karingithi* court reached its conclusion by interpreting the regulations itself, rather than by deferring to the BIA. 913 F.3d at 1160–61. Thus, we will not reexamine controlling precedent. *Cf. Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003). As such, Garcia-Fabela's motion to terminate is foreclosed by *Karingithi*, and we affirm the BIA's denial of the motion. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) ("So long as the court can apply our prior circuit precedent without running afoul of the intervening authority it must do so." (quotation omitted)).

**2.** The BIA reasonably concluded that menacing under Oregon Statute § 163.190 is a crime involving moral turpitude (CIMT) and did not err in denying Garcia-Fabela's motion to remand for further consideration of his application for cancellation of removal. We defer to the BIA's interpretation of whether a crime involves moral turpitude, if warranted. *Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc).

Although the BIA's decision in Garcia-Fabela's case is unpublished, the BIA has since issued a published decision concluding that menacing under Oregon law is a CIMT. *See Matter of J-G-P-*, 27 I. & N. Dec. 642 (BIA 2019). To grant Garcia-Fabela's petition, we would therefore need to find that the BIA's decision in *Matter of J-G-P-* unreasonably categorized menacing as a CIMT and therefore does not warrant *Chevron* deference. *See Ceron*, 747 F.3d at 778.

Under Oregon law, "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." Or. Rev. Stat. § 163.190. The BIA reasoned that, unlike simple assault, menacing requires specific intent to create fear in the victim, which reflects a vicious motive indicative of moral turpitude. *See Matter of J-G-P-*, 27 I. & N. Dec. at 645. The BIA also concluded that the severity of the intended fear—fear of imminent serious physical injury—indicates that any substantial step taken toward inducing that fear must be reprehensible. *See id.* at

646–49. The BIA thus held that the offense of menacing in violation of § 163.190 is categorically a CIMT. *Id.* at 650.

We find that the BIA's conclusion that menacing under Oregon law is a CIMT is a reasonable one. Specifically, we agree that the requisite specific intent combined with the severity of the intended fear illustrate that the crime of menacing involves a culpable mind and reprehensible act, and therefore defer to the published decision. *See Latter-Singh v. Holder*, 668 F.3d 1156, 1161, 1163 (9th Cir. 2012) ("The intent to instill great fear of serious bodily injury or death in another constitutes the 'vicious motive or corrupt mind' demonstrative of a crime involving moral turpitude."). Accordingly, we affirm the denial of Garcia-Fabela's motion to remand.

**3.** The BIA's decision to deny Garcia-Fabela's applications for asylum, withholding of removal, and CAT protection was supported by substantial evidence. We have repeatedly found that Garcia-Fabela's purported social group of culturally Americanized Mexicans is not a cognizable particular social group for purposes of asylum or withholding. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). Further, even if Garcia-Fabela could establish membership in a particular social group, a desire to be free from harassment by criminals bears no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Moreover, the BIA's unchallenged

finding that Garcia-Fabela could relocate to another part of Mexico precludes relief through asylum and withholding altogether. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3); *id.* § 1208.16(b)(2), (b)(3). As to CAT protection, Garcia-Fabela failed to establish it is more likely than not that he would be tortured by or with the acquiescence of a public official in their official capacity. In sum, the BIA's conclusions were supported by substantial evidence, and we accordingly affirm the BIA's dismissal of Garcia-Fabela's appeal from the immigration judge's decision.

**PETITION FOR REVIEW DENIED.**

***Gonzalo Garcia-Fabela v. Garland*, 19-70427**
**Paez, Circuit Judge, concurring in part and dissenting in part:**

I concur in the majority's holding that the BIA did not err in denying Garcia-Fabela's motion to terminate removal proceedings for lack of jurisdiction. I respectfully dissent, however, from the portion of the disposition holding that the BIA reasonably concluded that menacing under Oregon Revised Statutes § 136.190 is a crime involving moral turpitude (CIMT).

A CIMT "requires two essential elements: reprehensible conduct and a culpable mental state." *Silva-Trevino*, 26 I. & N. Dec. 826, 834 (BIA 2016). In my view, the BIA's conclusion, both in its decision in Garcia-Fabela's appeal and in its precedential decision in *Matter of J-G-P-*, 27 I. & N. Dec. 642 (BIA 2019), that Oregon's menacing law necessarily involves a reprehensible act is unreasonable.

The BIA erred by unreasonably distinguishing Oregon's menacing statute from a precedential line of cases holding that "simple assault" crimes are not CIMTs, 27 I. & N. Dec. at 646-47, even though § 163.190 is derived from common law "simple assault." *See State v. Garcias*, 679 P.2d 1354, 1356 (Or. 1984). Under the BIA's precedent, only where a criminal statute "contains elements that *deviate* from those associated with simple assault and battery *and* involves some aggravating factor that indicates the perpetrator's moral depravity" may it fall outside of the rule that "simple assault" is not a CIMT. *Matter of Wu*, 27 I. & N. Dec. 8, 11 (BIA 2017) (internal quotation marks omitted) (emphasis added). The BIA held that § 163.190's requirement of "specific intent to cause fear of imminent

serious physical injury" was a sufficiently aggravating factor to render it categorically morally turpitudinous. 27 I. & N. Dec. at 644, 647. The BIA's analysis is unreasonable. Oregon's menacing statute does not require among its elements[1] any "aggravating factor that indicates the actor's moral depravity."

**First,** by the plain terms of the statute and the state court cases construing it, § 163.190 does not require an intent to cause any physical injury—let alone serious physical injury—nor does it require actual fear or harm of any kind—let alone physical injury—to result. *See Garcias,* 679 P.2d at 1356; Commentary to the Proposed Oregon Criminal Code § 95 at 97.

**Second,** because the statute does not require an intent to harm or for any harm to result, our decisions in *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159 (9th Cir. 2006), *Latter-Singh v. Holder*, 668 F.3d 1156 (9th Cir. 2012), and *Coquico v. Lynch*, 789 F.3d 1049 (9th Cir. 2015) compel concluding that § 163.190 does <u>not</u> contain an aggravating factor necessary to qualify as a CIMT. The BIA's strained reading of those cases to imply the opposite is unreasonable.

In *Fernandez-Ruiz*, we held that Arizona's assault statute did not categorically involve moral turpitude because it lacked as aggravating factors both a specific intent to cause harm and a requirement that actual harm result. 468 F.3d

---

[1] The elements of Oregon's criminal menacing statute are "(1) intentionally; (2) attempting; (3) by word or conduct; (4) to place another person in fear of imminent serious physical injury." *State v. Cummings*, 576 P.2d 36, 37 (Or. Ct. App. 1978).

at 1167. We noted that the statute "contains absolutely no element of injury whatsoever, as it prohibits conduct that merely places another person 'in reasonable apprehension of' physical injury." *Id.* We observed that a "simple assault statute which permits a conviction for . . . mere threats, or for conduct that causes only the most minor or insignificant injury is not limited in scope to crimes of moral turpitude." *Id.* So too, here, where Oregon's menacing statute may be violated by words and does not require an intent to harm, nor any harm to result.

The BIA acknowledges that its decision in *Matter of J-G-P-* is in "some tension" with *Fernandez-Ruiz* but relies on the distinction that the statute there "reached threats that place another in apprehension of physical injury" whereas the Oregon statute sets a threshold of "fear of imminent *serious* physical injury." 27 I. & N. Dec. at 648 (emphasis in original). This distinction, however, is irrelevant to our analysis that a conviction under a statute that "does not require inflicting bodily injury of *any* kind" is not a CIMT. 468 F.3d at 1167 (emphasis in original).

The BIA attempts to avoid this clear conflict by suggesting that our subsequent holding in *Latter-Singh* displaced *Fernandez-Ruiz's* rule of decision. 27 I. & N. Dec. 648-49. The BIA's reliance on *Latter-Singh*, however, is misplaced: the elements of the statute at issue there do not align with those of the statute in *Fernandez-Ruiz*, nor with the elements of § 163.190. Notably, the statute at issue in *Latter-Singh* requires "substantial harm" to result. 668 F.3d at 1162.

In *Latter-Singh,* we held that California Penal Code § 422, which criminalized making threats with the specific intent to "terrorize," is a CIMT. We emphasized that that the statute required the perpetrator to intend *injury* (not just *fear* of injury), that the conduct *actually* "resulted in substantial harm by being so unequivocal, immediate and specific as to convey to the person a threatened gravity of purpose," such that the victim *actually* experienced "sustained fear" for their "own safety." 668 F.3d at 1162. None of these aggravating factors inhere in § 163.190. These distinctions demonstrate how § 163.190 departs from the generically defined crime involving moral turpitude which requires "reprehensible conduct:" because Oregon's law covers *attempts* to cause fear, it is the *intent* that is reprehensible, not the *conduct*.

Finally, the BIA fails to explain why this court's reasoning in *Coquico v. Lynch* does not apply here. There we found the threat associated with "unlawful laser activity" under California Penal Code § 417.26—which "requires only an intent to place the victim in 'apprehension or fear of bodily harm'"—was not categorically a CIMT because it did not meet *Latter-Singh's* requirement that the victim experience "sustained fear" for their safety nor require that the victim experience any harm at all. 789 F.3d at 1054 (internal citation omitted); *see also id.* at n.4 ("[W]hen an act cannot be characterized as inherently grave, base, or depraved, then adding to these acts an intent to commit them does not change that

conclusion."). The BIA does not offer any rationale why Oregon's menacing statute should be analyzed differently. Instead, the BIA asserts, without basis, that the portions of *Coquico's* reasoning that call into question the BIA's conclusion that § 163.190 is a CIMT are mere dicta. 27 I. & N. Dec. at 650. The BIA's summary dismissal of controlling authority is not reasonable.

For the foregoing reasons, I would hold that the BIA's decision that § 163.190 is a CIMT is unreasonable. I would grant Garcia-Fabela's petition on this ground and remand to the BIA for further consideration of his application for cancellation of removal. Accordingly, I do not address whether the BIA's decision to deny Garcia-Fabela's applications for asylum, withholding of removal and CAT protection was supported by substantial evidence.