**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOEL NOLASCO-RODRIGUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3951

Agency No.
A208-444-334

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2024
Portland, Oregon

Before: TASHIMA, NGUYEN, and SUNG, Circuit Judges.

Joel Nolasco-Rodriguez ("Nolasco-Rodriguez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal. He argues that the BIA erred when it determined that his

conviction for reckless assault on a pregnant person under Oregon Revised Statute

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 163.160(3)(d) is categorically a crime involving moral turpitude ("CIMT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

1. The BIA determined that Nolasco-Rodriguez waived his challenge to the dispositive issue of whether he had the good moral character required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B). We disagree. A conviction for a CIMT categorically bars a finding of good moral character, and the sole basis for the conclusion by the immigration judge ("IJ") that Nolasco-Rodriguez lacked good moral character was the IJ's finding that the criminal conviction was a CIMT. *See* 8 U.S.C. § 1101(f)(3). Nolasco-Rodriguez challenged the CIMT finding on appeal to the BIA. Because Nolasco-Rodriguez challenged the sole basis for the IJ's conclusion that he lacked good moral character, he did not waive or forfeit the issue.

2. We turn next to the BIA's conclusion that Nolasco-Rodriguez's conviction for reckless assault on a pregnant person is categorically a CIMT, which we review de novo. *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1086 (9th Cir. 2025).

We evaluate whether an offense is a CIMT using the categorical approach. At step one, we must "identify the elements of the statute of conviction." *Ceron v. Holder*, 747 F.3d 773, 778 (9th Cir. 2014) (en banc) (quoting *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013)). At step two, we must "compare the elements of the statute of conviction to the generic definition of a crime of moral

turpitude and decide whether the conviction meets that definition." *Id*. (quoting

*Castrijon-Garcia*, 704 F.3d at 1208). A CIMT "requires two essential elements:

reprehensible conduct and a culpable mental state." *Flores-Vasquez v. Garland*, 80

F.4th 921, 926 (9th Cir. 2023) (quoting *Matter of J-G-P-*, 27 I. & N. Dec. 642, 644

(B.I.A. 2019)). A conviction constitutes a CIMT only "if the full range of conduct

encompassed by the statute, including the least egregious conduct prosecuted under

the statute, is a crime of moral turpitude." *Id.* at 925 (quoting *Barragan-Lopez v.*

*Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007)). "If there is a 'realistic

probability' that the statute of conviction would be applied to non-turpitudinous

conduct, there is no categorical match." *Id.* (quoting *Fugow v. Barr*, 943 F.3d 456,

458 (9th Cir. 2019)).

The material elements of § 163.160(3)(d) require, at minimum, that the

defendant: (1) recklessly (2) caused physical injury (3) with knowledge that the

victim is pregnant.[1] The first two elements, which constitute simple assault, are not

a categorical CIMT. *See Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1165 (9th

Cir. 2006). The government argues, however, that the additional element of

---

[1] Oregon law defines "physical injury" as an "impairment of physical condition or substantial pain." Or. Rev. Stat. § 161.015(7). The Oregon Court of Appeals has characterized this as "a relatively low bar." *State v. Stone*, 532 P.3d 90, 95 (Or. Ct. App. 2023). For example, "the combination of pain, swelling and bruising" can constitute physical injury. *State ex rel. Juvenile Dep't v. Salmon*, 730 P.2d 1285, 1287 (Or. Ct. App. 1986).

knowledge that the victim was pregnant turns simple assault into a CIMT. In *Fernandez-Ruiz*, however, we rejected a similar conclusion by the BIA. Fernandez-Ruiz's domestic assault conviction required "recklessly causing any physical injury to another person" and a domestic relationship between the victim and defendant. *Id.* at 1164. While the BIA recognized that simple assault (recklessly causing physical injury) is not a CIMT, the BIA concluded that domestic assault was a CIMT because of "the additional element of the domestic relationship." *Id.* at 1165. We held that assault is not a CIMT, even when there is a special relationship between the defendant and victim, unless it requires both 1) a mens rea of willfulness (i.e., more than recklessness), and 2) more than minor injury. *Id.* at 1166-67.

Fernandez-Ruiz controls this case. While we agree with the government that society views a pregnant person as someone who needs special protection, the same is true of a domestic partner. *See Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1061 (9th Cir. 2006) (stating that "domestic partner[s]" are persons "whom society views as deserving special protection"). In *Fernandez-Ruiz*, we squarely held that the aggravating factor of a domestic relationship between the defendant and victim did not turn assault with a reckless state of mind into a CIMT. 468 F.3d at 1166-67. Because Nolasco-Rodriguez, like Fernandez-Ruiz, was convicted of simple assault with a mens rea of recklessness, his offense is not a CIMT.

4

The government relies on *Matter of Sanudo*, 23 I. & N. Dec. 968 (B.I.A. 2006), and *Matter of Wu*, 27 I. & N. Dec. 8 (B.I.A. 2017), for the proposition that "an assault that involves an aggravating factor may be turpitudinous." For several reasons, this reliance is misplaced.

To begin, we no longer give the BIA's interpretations of the statutory term "crime involving moral turpitude" *Chevron* deference; at most, we give them *Skidmore* deference. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402, 412-13 (2024).[2] Even assuming *Skidmore* deference applies, neither case changes the outcome here.

In *Matter of Sanudo*, when the BIA explained that a protected class of victims could be an aggravating factor, it specifically noted that these crimes could be CIMTs "because the intentional or knowing infliction of injury on such persons reflects a degenerate willingness on the part of the offender to prey on the vulnerable." 23 I. & N. Dec. at 972. The BIA's emphasis on an intentional or knowing mental state undermines the government's argument here.

---

[2] In *Safaryan v. Barr*, 975 F.3d 976, 988 (9th Cir. 2020), we concluded that *Matter of Wu* is entitled to *Chevron* deference. Although the holdings of cases applying *Chevron* deference remain precedential until overruled, because *Chevron* deference no longer applies following *Loper Bright*, 603 U.S. at 412, "we are not compelled to use them as analytical building blocks in every case," and we must instead "exercise our independent judgment." *Murillo-Chavez*, 128 F.4th at 1087 (quotation marks omitted).

In *Matter of Wu*, the BIA explained that "assault and battery offenses that require a state of mind falling between specific intent and criminal negligence—for instance, general intent and recklessness—are morally turpitudinous if they 'necessarily involve aggravating factors that *significantly increase their culpability*' relative to simple assault." 27 I. & N. Dec. at 11 (cleaned up) (quoting *Matter of Sanudo,* 23 I. & N. Dec. at 971). The BIA ultimately concluded that the California statute at issue "falls within the definition of a [CIMT]" because it "requires that a perpetrator *willfully* engage in dangerous conduct, by means of either an object employed in a manner likely to cause great bodily injury or force that is, in and of itself, likely to cause such an injury," and "further requires that a perpetrator have knowledge . . . of the facts that make such an injury likely." *Id.* at 14 (emphasis added). Aggravating factors based on the victim's status do not necessarily require that the defendant *willfully* engage in dangerous conduct likely to cause great bodily injury.

Because we agree with Nolasco-Rodriguez that his conviction under § 163.160(3)(d) is not a categorical CIMT, we also hold that the IJ's determination that he lacks good moral character is not supported by substantial evidence.

**PETITION FOR REVIEW GRANTED; REMANDED.[3]**

---

[3] Respondent shall bear all costs on appeal.