**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARA SANCHEZ-RESENDIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-73511

Agency No. A078-048-655

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022[**]
Portland, Oregon

Before:  WATFORD, R. NELSON, and LEE, Circuit Judges.

Sara Sanchez-Resendiz petitions for review of an order of the Board of

Immigration Appeals (BIA) denying her motion to reopen or reconsider her

removal proceedings.  We have limited jurisdiction to review for legal or

constitutional error, *see Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016), and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we deny the petition.

In *Sanchez-Resendez v. Lynch*, 608 F. App'x 537, 538 (9th Cir. 2015), we held that Sanchez-Resendiz's conviction for facilitating the unlawful transportation of marijuana for sale constituted a crime involving moral turpitude. We concluded that Arizona Revised Statutes § 13-3405(A)(4), which contains the substantive offense underlying Sanchez-Resendiz's conviction, is divisible. *Id.* We then applied the modified categorical approach to determine that Sanchez-Resendiz's conviction included a "for sale" element and therefore constituted a drug-trafficking offense involving moral turpitude. *Id.*

Sanchez-Resendiz argues that intervening decisions from both the Supreme Court and this court have demonstrated that our prior decision was erroneous. But in *Walcott v. Garland*, 21 F.4th 590, 596–98 (9th Cir. 2021), we confirmed that § 13-3405(A)(4) is divisible and that the "transport for sale" offense it encompasses can involve moral turpitude. Although we held that Walcott's convictions in that case did not constitute a crime involving moral turpitude, Walcott was convicted under § 13-3405(A)(4) and (B)(10) for an offense involving less than two pounds of marijuana. *Id.* at 598. Here, Sanchez-Resendiz pleaded guilty to violating § 13-3405(A)(4) and (B)(11), meaning her offense involved two pounds or more of marijuana.

Because § 13-3405(A)(4) is divisible, and because § 13-3405(B)(11) does

not encompass very small amounts of marijuana like the provision at issue in *Walcott*, Sanchez-Resendiz can point to no intervening precedent undermining our conclusion that her conviction constituted a crime involving moral turpitude. *See Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903–04 (9th Cir. 2007). Sanchez-Resendiz has thus failed to demonstrate that the BIA's decision denying *sua sponte* reopening or reconsideration contains legal or constitutional error, and we lack jurisdiction to further review that decision or any other arguments she makes in support. *See Bonilla*, 840 F.3d at 588.

**PETITION FOR REVIEW DENIED.**